UNITED STATES DISTRICT COURT ☆ SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KIM SCHELLING, Individually and on Behalf of All Others Similarly Situated<br><br>Plaintiff,<br><br><br>MICROVAST HOLDINGS, INC., YANG WU, CRAIG WEBSTER, SASCHA KELTERBORN, SHANE SMITH, and ZACH WARD,<br><br>Defendants. | §§§§§§§§§§§§§§§§§§ Case No. 4:23-cv-04565 |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(F)
FEDERAL RULES OF CIVIL PROCEDURE**

**1.   State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.**

The Parties' Rule 26(f) meeting was held by videoconference on September 16, 2025.

Plaintiffs were represented by Jonathan Horne of the Rosen Law Firm and Michael Dell'Angelo and Alex Heller of Berger Montague PC.
Defendants were represented by Paul Bessette and Michael Biles of King & Spalding LLP.

Following the Rule 26(f) meeting, the Parties jointly prepared this Joint Discovery Case Management Plan.

**2.     List the cases related to this one that are pending in any state or federal court with the case number and court.**

*Bhavsar v. Microvast Holdings, Inc. et al*, 4:2024-cv-00372 (S.D. Tex.).

**3.     Specify the allegation of federal jurisdiction.**

Federal question. The alleged claims arise under Sections 10(b) and 20(a) of the Securities Exchange Act or 1934 (15 U.S.C. §§ 78j(b) and 78t(a)). Amended Class Action Complaint for Violations of the Federal Securities Laws ("Complaint"), Dkt. No. 30, ¶18.

**4.     Name the parties who disagree and the reasons.**

The parties all agree that the Court has federal question jurisdiction.

**5.     List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

The parties do not anticipate adding additional parties at this time.

**6.     List anticipated interventions.**

The parties do not anticipate any interventions at this time.

**7.     Describe class-action issues.**

This is a securities class action. Plaintiffs maintain that they meet all the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3). Plaintiffs maintain that they can prove the element of reliance on a classwide basis under the presumption of reliance recognized in *Basic Inc. v. Levinson*, 485 U.S. 224 (1988).

Under the Parties' proposed schedule, Plaintiffs will file their motion for class certification on or before June 12, 2026.

Defendants believe that the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) are not met and that this case is not proper for class certification. Defendants further believe that Plaintiffs cannot prove the element of reliance on a class-wide basis.

**8.      State whether each party represents that it has made the initial disclosures required by Rule 26(a).  If not, describe the arrangements that have been made to complete the disclosures.**

Plaintiffs served their initial disclosures on October 3, 2025. Defendants will serve their initial disclosures on or before October 17, 2025.

**9.      Describe the proposed agreed discovery plan, including:**

**A.      Responses to all the matters raised in Rule 26(f).**

Following the Rule 26(f) meeting, the Parties engaged in further discussions regarding a discovery plan and agreed to the discovery plan set forth in the Scheduling Order filed herewith.

**B.      When and to whom the plaintiff anticipates it may send interrogatories.**

Plaintiffs anticipate that they will send a first set of interrogatories to all Defendants on or before December 12, 2025.

**C.      When and to whom the defendant anticipates it may send interrogatories.**

Defendants anticipate that they will send a first set of interrogatories to Plaintiffs on or before December 12, 2025.

**D.      Of whom and by when the plaintiff anticipates taking oral depositions.**

Plaintiffs anticipate that they will take the Federal Rule of Civil Procedure 30(b)(6) deposition of Defendant Microvast in the next four months. Plaintiffs anticipate that they will also take the depositions of all Defendants, current and former employees of Microvast, and other percipient witnesses, including third parties, during the remainder of the period for fact discovery.

**E.      Of whom and by when the defendant anticipates taking oral depositions.**

Defendants anticipate that they will take depositions of all named Plaintiffs and any proposed class representatives.  Defendants may also depose other percipient witnesses.

**F.      When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports.**

The plaintiffs' experts for class certification will be named with a report furnished on or before June 12, 2026 and additional experts in support of class certification, if any, will be named and any additional reports furnished by October 16, 2026.

The defendants' experts for class certification will be named and reports furnished by August 14, 2026.

Expert reports concerning merits on which the party bears the burden of proof will be furnished by November 6, 2026.

Response expert reports concerning merits will be furnished by December 4, 2026.

Rebuttal expert reports concerning merits will be furnished on or before January 8, 2027.

> **G.     List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.  *See* Rule 26(a)(2)(B) (expert report).**

Plaintiffs anticipate that they will take depositions of all expert witnesses proffered by Defendants. Plaintiffs anticipate that they will proffer experts on:

   (1) Market efficiency, loss causation, and damages;
   (2) Battery industry;
   (3) Government grants;
   (4) Engineering, procurement, and construction projects.

These experts will be identified and deposed pursuant to the dates set forth above.

> **H.     List expert depositions the opposing party anticipates taking and their anticipated completion date.  *See* Rule 26(a)(2)(B) (expert report).**

Defendants anticipate that they will take depositions of all expert witnesses proffered by Plaintiffs. Defendants anticipate that they will proffer experts on:

   (1) Market efficiency, loss causation, and damages;
   (2) Battery industry;
   (3) Government grants;
   (4) Engineering, procurement, and construction projects.

**10.     If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

The parties have agreed on all aspects of the discovery plan.

**11.     Specify the discovery beyond initial disclosures that has been undertaken to date.**

Plaintiffs served initial requests for production on September 26, 2025.

**12.     State the date the planned discovery can reasonably be completed.**

Fact discovery will be completed on or before October 9, 2026. Expert discovery will be completed on or before February 12, 2027.

**13.     Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

The Parties have discussed settlement both during and outside of the Rule 26(f) meeting.

**14.     Describe what each party has done or agreed to do to bring about a prompt resolution.**

The Parties have discussed settlement on two occasions: (1) during the pendency of Defendants' motion to dismiss; and (2) in late August 2025 after the Court granted in part and denied in part Defendants' motion to dismiss. These discussions were candid and significant but ultimately unsuccessful.

**15.     From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.**

The parties anticipate that they will employ private mediation.

**16.     Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

The parties do not consent to a trial before a magistrate judge.

**17.     State whether a jury demand has been made and if it was made on time.**

A timely jury demand was made.

**18.     Specify the number of hours it will take to present the evidence in this case.**

The parties anticipate that it will take 80 hours of jury time to present evidence.

19. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

There are no pending motions.

20. **List other motions pending.**

There are no pending motions.

21. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

There are no additional materials beyond those described above.

22. **List the names, bar numbers, addresses and telephone numbers of all counsel.**

   Counsel for Plaintiffs:

   Michael Dell'Angelo (PA Bar No. 80910)
   Alex B. Heller (PA Bar No. 321134)
   BERGER MONTAGUE PC
   1818 Market Street, Suite 3600
   Philadelphia, PA 19103
   Tel: (215) 875-3000
   Email: mdellangelo@bergermontague.com
   Email: aheller@bergermontague.com

   Phillip Kim (NY Bar No. 4145397)
   Jonathan Horne (NY Bar No. 4822847)
   Jiaqi Chen (NY Bar No. 6224638)
   THE ROSEN LAW FIRM, P.A.
   275 Madison Avenue, 40th Floor
   New York, NY 10016
   Tel: (212) 686-1060
   Email: pkim@rosenlegal.com
   Email: jhorne@rosenlegal.com
   Email: jiaqichen@rosenlegal.com

Counsel for Defendants:

Paul R. Bessette
Texas Bar No. 02263050
Michael J. Biles
Texas Bar No. 24008578
Nate Bilhartz
Texas Bar No. 24097384
Frances R. Fink
Texas Bar No. 24135291
KING & SPALDING LLP
500 West 2nd Street, Suite 1800
Austin, Texas 78701
Tel: (512) 457-2000
Fax: (512) 457-2100
Email: pbessette@kslaw.com
Email: mbiles@kslaw.com
Email: nbilhartz@kslaw.com
Email: ffink@kslaw.com


Dated: October 10, 2025                              Respectfully submitted,

                                                      *Michael Dell'Angelo*
                                                      Michael Dell'Angelo
                                                      Alex B. Heller
                                                      BERGER MONTAGUE PC
                                                      1818 Market Street, Suite 3600
                                                      Philadelphia, PA 19103
                                                      Tel: (215) 875-3000
                                                      Email: mdellangelo@bergermontague.com
                                                      Email: aheller@bergermontague.com

                                                      Phillip Kim
                                                      Jonathan Horne
                                                      Jiaqi Chen
                                                      THE ROSEN LAW FIRM, P.A.
                                                      275 Madison Avenue, 40th Floor
                                                      New York, NY 10016
                                                      Tel: (212) 686-1060

Email: pkim@rosenlegal.com
Email: jhorne@rosenlegal.com
Email: jiaqichen@rosenlegal.com

*Counsel for Plaintiffs*


 *Paul R. Bessette*
Paul R. Bessette
Michael J. Biles
Nate Bilhartz
Frances R. Fink
KING & SPALDING LLP
500 West 2nd Street, Suite 1800
Austin, Texas 78701
Tel: (512) 457-2000
Fax: (512) 457-2100
Email: pbessette@kslaw.com
Email: mbiles@kslaw.com
Email: nbilhartz@kslaw.com
Email: ffink@kslaw.com

*Counsel for Defendants*