**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| KIM SCHELLING, *individually and on behalf of all others similarly situated*, <br><br> Plaintiff, <br><br> v. <br><br> MICROVAST HOLDINGS, INC., *et al.*, <br><br> Defendants. | **Case No: 4:23-cv-4565** <br><br> **DEFENDANTS' ANSWER TO PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** |

Defendants Microvast Holdings, Inc. ("Microvast") and Yang Wu, Craig Webster, Sascha Kelterborn, and Shane Smith (collectively, the "Individual Defendants," and, together with Microvast, "Defendants"), by and through their undersigned attorneys, hereby file their Answer to the Amended Class Action Complaint (the "Complaint"), Dkt. 30.  Defendants deny all allegations that are not expressly admitted below.[1]  By answering the Complaint, Defendants do not concede that any of its allegations are proper bases of liability or foundations for discovery.  Defendants' responses to the specific allegations made in the numbered paragraphs of the Complaint are set forth below.  Defendants reserve the right to seek to amend or supplement their Answer as may be necessary and appropriate.

---

[1] Defendants also deny all titles, headings, footnotes, subheadings, and any other material not contained in a numbered paragraph.  When Defendants respond to an allegation by stating that they refer to a document, that document itself is the best evidence of its contents, and Defendants deny any allegations or characterizations based on the document.  Defendants also deny any emphasis or other alteration to quotations from a document.  Defendants reserve all rights regarding the existence, authenticity, accuracy, and admissibility of such documents.

1

## I.     INTRODUCTION

1.      Defendants admit that Plaintiffs purport to assert claims pursuant to Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), and that Plaintiffs purport to bring this action as a putative class action on behalf of the class described.  Defendants deny that Plaintiffs or the putative class members they purport to represent are entitled to relief and deny that class treatment of Plaintiffs' claims is appropriate.  To the extent Paragraph 1 contains additional allegations to which a response is required, Defendants deny those allegations.

2.      Defendants admit the allegations in the first and fourth sentences of Paragraph 2. Defendants deny the remaining allegations in Paragraph 2.

3.      Defendants admit that the Infrastructure Investment and Jobs Act was passed by the U.S. Congress in 2021 and that the Inflation Reduction Act was passed by the U.S. Congress in 2022.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3 and therefore deny them.

4.      Defendants admit the allegations in Paragraph 4.

5.      Defendants admit the allegations in the first sentence of Paragraph 5.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5 and therefore deny them.

6.      Defendants admit that Microvast filed the Application with the Department of Energy and refer to the Application for its contents. Defendants deny the remaining allegations in Paragraph 6.

7.      Defendants admit that Microvast posted a statement to its social media accounts on LinkedIn and Twitter on October 19, 2022 that "Microvast's thermally stable polyaramid separator manufacturing plant proposal was selected as a recipient of a $200 million grant from the U.S.

Department of Energy's Battery Materials Processing and Battery Manufacturing initiative" and refer to the posts for their contents.  Defendants deny the remaining allegations in Paragraph 7.

8.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 regarding the thoughts and assumptions of investors and the conclusions of the Department of Energy and therefore deny them.  Defendants deny the remaining allegations in Paragraph 8.

9.      Defendants admit that U.S. Congressman Frank Lucas and U.S. Senator John Barrasso published letters sent to the Department of Energy regarding Microvast beginning in December 2022.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 regarding the beliefs of investors and therefore deny them. Defendants deny the remaining allegations in Paragraph 9.

10.      Defendants admit that Bloomberg published an article on May 22, 2023 regarding termination of negotiations for the award of a Department of Energy grant to Microvast and refer to the article for its contents.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 regarding the feelings of investors and therefore deny them.  Defendants deny the remaining allegations in Paragraph 10, except refer to publicly available data regarding historical trading prices for Microvast's common stock.

11.      Defendants admit that Microvast was building a battery manufacturing facility in Clarksville, Tennessee in 2023.  Defendants admit that Microvast expected to receive tax credits under the Inflation Reduction Act for batteries manufactured at the Clarksville Facility. Defendants admit that Microvast had an order backlog of approximately 486.7 million for its battery systems as of March 31, 2023, of which over 90% was attributable to the U.S. and Europe. Defendants deny the remaining allegations in Paragraph 11.

12.    Defendants admit that Lyric Robot Automation Co., Ltd. was the main equipment manufacturer for the Clarksville Facility.    Defendants deny the remaining allegations in Paragraph 12.

13.    Defendants deny the allegations in the first sentence of Paragraph 13.  Defendants admit that Defendant Wu spoke during Microvast's Q4 2022 earnings call on March 16, 2023 and refer to the referenced statement for its contents.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 13 regarding the purported recollection of an unnamed Microvast employee and therefore deny them. Defendants admit that Defendant Smith spoke during Microvast's May 25, 2023 Investor Day and refer to the referenced statement for its contents.  Defendants admit the allegations in the last sentence of Paragraph 13.  Defendants deny the remaining allegations in Paragraph 13.

14.    Defendants deny the allegations in Paragraph 14, except refer to the statement by Defendant Wu for its contents.

15.    Defendants admit that Microvast's Form 10-K dated April 1, 2024 stated that there were $31.9 million in liens filed by suppliers related to the Clarksville Facility and refer to the referenced Form 10-K for its contents. Defendants deny the remaining allegations in Paragraph 15.

16.    Defendants deny the allegations in Paragraph 16, except refer to publicly available data regarding historical trading prices for Microvast's common stock.

17.    Defendants deny the allegations in Paragraph 17, except refer to the Application for its contents and to publicly available data regarding historical trading prices for Microvast's common stock.

## II.    JURISDICTION AND VENUE

18.    Defendants admit that Plaintiffs purport to assert claims pursuant to Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5, 17 C.F.R. § 240.10b-5.  Defendants deny the remaining allegations in Paragraph 18.

19.    Defendants admit the allegations in Paragraph 19.

20.    Defendants admit that venue is proper in this judicial district.  Defendants deny the remaining allegations in Paragraph 20.

21.    Defendants deny the allegations in Paragraph 21.

## III.    PARTIES AND FORMER MICROVAST EMPLOYEES

22.    Defendants deny that Plaintiffs Steve Rodgers and Gregory L. Dunham were damaged by purchase of Microvast securities during the Class Period.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22 and therefore deny them.

23.    Defendants deny that Plaintiff Randy Fonk was damaged by purchase of Microvast securities during the Class Period.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23 and therefore deny them, except refer to the Exhibit referenced in Paragraph 23 for its contents.

24.    Defendants admit the allegations in the first sentence of Paragraph 24 and that Microvast is headquartered in Texas.  Defendants deny the remaining allegations in Paragraph 24.

25.    Defendants admit the allegations in the first sentence of Paragraph 25.  Defendants deny the remaining allegations in Paragraph 25, except refer to public SEC filings concerning Defendant Wu's beneficial ownership of Microvast's common stock.

26.    Defendants admit that Defendant Webster served as Microvast's Chief Financial Officer from April 14, 2022 to April 10, 2024.  Defendants admit the allegations in the second sentence of Paragraph 26.  Defendants deny the remaining allegations in Paragraph 26.

27.    Defendants deny the allegations in the first sentence of Paragraph 27. Defendants admit that Defendant Kelterborn was Microvast's Senior Vice President of Sales & Marketing Western Globe from January 2018 to February 2021 and that Defendant Kelterborn was Microvast's President from April 14, 2022 to January 10, 2023.  Defendants deny the remaining allegations in Paragraph 27.

28.    Defendants admit that Defendant Smith served as Microvast's Chief Operating Officer from July 23, 2021 to August 7, 2023.  Defendants admit that Defendant Smith was appointed as Chief Procurement Officer effective August 7, 2023 and that his last day of employment with Microvast was September 4, 2023.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of Paragraph 28 regarding FE 3's statements to Plaintiffs' counsel and therefore deny them.  Defendants deny the remaining allegations in Paragraph 28.

29.    Defendants deny the allegations in Paragraph 29.

30.    Defendants admit that the Complaint refers to Wu, Webster, Kelterborn, Smith, and Ward as the "Individual Defendants."  Defendants deny the remaining allegations in Paragraph 30.

31.    Defendants deny that Christopher Barbee reported to William Muir.  Defendants admit that William Muir reported to Defendant Smith.  Defendants admit that the Complaint represents that references to numbered "FE" are to former Microvast employees.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 31 and Footnote 1 and therefore deny them.

6

32.     Defendants deny that Joe Muraca reported to David Lankewicz.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 32 and therefore deny them.

33.     Defendants admit that William Muir reported to Defendant Smith.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33 and therefore deny them.

## IV.     DEFENDANTS COME TO U.S. SHORES THROUGH A SPAC

34.     Defendants admit the allegations in the first and second sentences in Paragraph 34. Defendants deny the remaining allegations in Paragraph 34.

35.     Defendants admit the allegations in the second and third sentences of Paragraph 35. Defendants deny the remaining allegations in Paragraph 35.

36.     Defendants admit the allegations in Paragraph 36.

37.     Defendants deny the allegations in Paragraph 37 and Footnote 2.

38.     Defendants admit that Microvast, Inc. owed a debt to CITIC that was due in November 2020.  Defendants otherwise deny the allegations in Paragraph 38.

39.     Defendants deny the allegations in Paragraph 39, except refer to the statement purportedly quoted in Paragraph 39 for its contents.

40.     Defendants admit the allegations in the first sentence of Paragraph 40.  Defendants admit that the Tuscan Holdings Corp. stated in its Section 14(a) Proxy Statements Microvast expected to use some of the proceeds from the business combination to expand manufacturing facilities to increase manufacturing output.  Defendants deny the remaining allegations in Paragraph 40.

## V. DEFENDANTS MADE FALSE STATEMENTS ABOUT RECEIVING A GRANT FROM THE DEPARTMENT OF ENERGY

### A. Department of Energy Grant Award Process

41. Defendants admit that the U.S. Department of Energy's Office of Energy Efficiency and Renewable Energy was responsible for issuing the grant sought by Microvast. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 41 and therefore deny them.

42. Defendants admit the allegations in the first two sentences of Paragraph 42. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 42 and therefore deny them.

43. Defendants admit that the Subcommittee on Oversight and Investigations of the U.S. House of Representatives Committee on Energy and Commerce held a hearing on June 21, 2023 titled *Microvast and More: Oversight of President Biden's Energy Spending Spree*. Defendants admit that Director of the Department of Energy's Office of Manufacturing and Energy Supply Chains David Howell testified at the June 21, 2023 hearing and refer to Mr. Howell's testimony for its contents. Defendants deny the remaining allegations in Paragraph 43.

44. Defendants admit that the U.S. Senate Committee on Energy and Natural Resources held a hearing on February 2, 2023 at which Department of Energy Deputy Secretary David M. Turk testified and refer to Mr. Turk's testimony for its contents. Defendants deny the remaining allegations in Paragraph 44.

### B. Congress Enacts the Bipartisan Infrastructure Law to Bootstrap American Green Energy Infrastructure

45. Defendants admit the allegations in Paragraph 45.

46. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 and therefore deny them.

8

47.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 and therefore deny them.

48.     Defendants admit the allegations in Paragraph 48.

49.     Defendants admit the allegations in Paragraph 49.

50.     Defendants admit that Paragraph 50 purports to quote from the application instructions and refer to the application instructions for its contents. Defendants deny the remaining allegations in Paragraph 50.

51.     Defendants admit that Paragraph 51 purports to quote from the application instructions and refer to the application instructions for their contents. Defendants deny the remaining allegations in Paragraph 51.

52.     Defendants admit that Paragraph 52 purports to quote from the application instructions and refer to the application instructions for its contents.

53.     Defendants admit that Paragraph 53 purports to quote from 42 U.S.C. § 18741(a)(5)(C) and 10 U.S.C. § 4872(d)(2)(B) and refer to those statutory provisions for their contents.

54.     Defendants admit that Paragraph 54 purports to quote from 42 U.S.C. § 18741(b)(3)(C) and refer to that statutory provision and the application materials for their contents.

55.     Defendants admit that President Biden gave remarks on the Bipartisan Infrastructure Law on October 19, 2022 and refer to the referenced statement for its contents.

56.     Defendants admit that David Howell testified at the June 21, 2023 hearing held by the Subcommittee on Oversight and Investigations of the U.S. House of Representatives Committee on Energy and Commerce and refer to Mr. Howell's testimony for its contents.

9

57.     Defendants deny the allegations in Paragraph 57.

**C.     Microvast Misleadingly Minimizes Its Chinese Operations to the Department of Energy**

58.     Defendants admit the allegations in the first sentence of Paragraph 58.  Defendants admit that Microvast filed its Form 10-K for 2023 on April 1, 2024 and refer to the referenced Form 10-K for its contents. Defendants admit that Microvast has a 185,000 square foot facility in Berlin, German which functions as the European headquarters and includes module and pack manufacturing.  Defendants admit that Microvast has a 1,4000,000 square foot facility in Huzhou, China.  Defendants deny the remaining allegations in Paragraph 58 and Footnote 3.

59.     Defendants deny the allegations in Paragraph 59.

60.     Defendants admit the allegations in Paragraph 60 and Footnote 4.

61.     Defendants admit that Microvast posted a statement to its social media accounts on LinkedIn and Twitter on October 19, 2022 and that the Department of Energy made an announcement on May 22, 2023, and refer to the referenced statements for their contents. Defendants deny the remaining allegations in Paragraph 61.

62.     Defendants admit that Microvast filed an application with the Department of Energy and admit that Microvast submitted a Letter of Support on May 30, 2022, and refer to those documents for their contents.

63.     Defendants admit that Microvast filed the Application with the Department of Energy and refer to the Application for its contents.

64.     Defendants admit the allegations in the last sentence of Paragraph 64.  Defendants deny the remaining allegations in Paragraph 64.

65.     Defendants admit that Microvast filed the Application with the Department of Energy and refer to the Application for its contents. Defendants deny the remaining allegations in Paragraph 65.

66.     Defendants deny the allegations in Paragraph 66 and in Footnote 5, except refer to the referenced statement for its contents.

67.     Defendants admit that Microvast is headquartered in Stafford, Texas and that it opened a research and development facility in the Orlando Metropolitan Area. Defendants deny the remaining allegations in Paragraph 67, except refer to the referenced filing for its contents.

68.     Defendants admit that as of December 31, 2021, Microvast leased 4,400 square feet in Stafford, Texas for Microvast's corporate headquarters and administrative offices, that Microvast leased 1,200 square feet in Orlando, Florida for research and development, and that Microvast had approximately 1,461,000 square feet in facilities in Huzhou, China.  Defendants deny the remaining allegations in Paragraph 68.

69.     Defendants deny the allegations in the first sentence of Paragraph 69.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 69 and Footnote 6 and therefore deny them.

70.     Defendants deny the allegations in Paragraph 70.

71.     Defendants admit that on September 27, 2022, a wholly-owned indirect subsidiary of Microvast entered into a fixed asset syndicated loan agreement with several banks and other financial institutions in China, including Bank of China Limited Huzhou Branch as the lead bank, China Construction Bank Huzhou Branch as the joint lead bank, and Huzhou Bank Co. and China Zheshang Bank Huzhou Branch, for a project loan of up to approximately USD $111.1 million

11

with an anticipated initial interest rate of approximately 4.8% per annum. Defendants otherwise deny the allegations in Paragraph 71.

72.    Defendants deny the allegations in Paragraph 72.

73.    Defendants deny the allegations in Paragraph 73.

74.    Defendants deny the allegations in Paragraph 74.

75.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of Paragraph 75 and in Footnote 8 and therefore deny them. Defendants deny the remaining allegations in Paragraph 75 and Footnote 9.

**D.    Microvast's Misstatements Create A Risk that Its Application Will Be Denied at the Negotiation Stage**

76.    Defendants admit that Microvast filed a Form 10-K for 2021 and refer to the referenced Form 10-K for its contents. Defendants deny the remaining allegations in Paragraph 76.

77.    Defendants admit that Microvast filed the Application with the Department of Energy and refer to the Application for its contents. Defendants deny the remaining allegations in Paragraph 77.

78.    Defendants admit that Microvast made filings with the SEC and refer to those filings for their contents. Defendants deny the remaining allegations in Paragraph 78.

79.    Defendants deny the allegations in Paragraph 79.

80.    Defendants deny the allegations in Paragraph 80.

81.    Defendants deny the allegations in Paragraph 81.

**VI.    MICROVAST OVERSTATED THE CLARKSVILLE FACILITY'S PROGRESS**

**A.    For Almost A Year, Microvast Tells Investors Construction of the Clarksville Facility Is Nearing Completion**

82.    Defendants deny the allegations in Paragraph 82.

83.     Defendants admit the allegations in the second, fifth, and sixth sentences of Paragraph 83.  Defendants deny the remaining allegations in Paragraph 83.

84.     Defendants admit that Defendant Smith spoke at Microvast's Investor Day on May 25, 2023 and refer to the referenced statement for its contents. Defendants deny the remaining allegations in Paragraph 84.

85.     Defendants admit that Microvast anticipated that certain products manufactured at the Clarksville Facility would qualify for a $45 per kilowatt-hour tax credit under Section 45K of the Inflation Reduction Act and that it made a presentation at its May 25, 2023 Investor Day and refer to the referenced slide for its contents.  Defendants deny the remaining allegations in Paragraph 85 and in Footnote 10.

86.     Defendants deny the allegations in Paragraph 86.

87.     Defendants admit that Microvast held an earnings call for Q3 2022 on November 10, 2022 and refer to the referenced statement for its contents. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 87 regarding the purported recollection of an unnamed Microvast employee and therefore deny them.

88.     Defendants admit that Microvast held an earnings call for Q4 2022 on March 16, 2023 and refer to the referenced statement for its contents. Defendants deny the remaining allegations in Paragraph 88.

89.     Defendants admit that Defendant Smith spoke at Microvast's Investor Day on May 25, 2023 and refer to the referenced statement for its contents. Defendants deny the remaining allegations in Paragraph 89.

13

90.    Defendants admit that Microvast completed a 2 GWh cell, module and tray manufacturing capacity expansion for its 53.5Ah cell technology in Huzhou, China in the third quarter of 2023 and that Defendant Smith spoke at Microvast's Investor Day on May 25, 2023 and refer to the referenced statements for their contents.  Defendants deny the remaining allegations in Paragraph 90.

91.    Defendants admit that Microvast held an earnings call for Q2 2023 on August 7, 2023 and refer to the referenced statement for its contents.

92.    Defendants admit that Microvast held an earnings call for Q3 2023 on November 9, 2023 and refer to the referenced statements for their contents.

93.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 93 regarding the purported recollections of unnamed Microvast employees and therefore deny them.  Defendants admit that Lyric was the largest equipment vendor and that Microvast anticipated at one point that Lyric would complete delivery of equipment in March or April of 2023.  Defendants admit the allegations in the sixth sentence of Paragraph 93.  Defendants deny the remaining allegations in Paragraph 93.

94.    Defendants deny the allegations in Paragraph 94.

95.    Defendants deny the allegations in Paragraph 95.

**B.    Microvast Publicly Overstated the Progress of the Clarksville Facility's Construction**

96.    Defendants deny the allegations in Paragraph 96.

97.    Defendants deny the allegations in Paragraph 97.

98.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98 regarding the purported statements of unnamed Microvast employees and therefore deny them.  Defendants deny the remaining allegations in Paragraph 98.

14

99.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99 regarding the purported statements of unnamed Microvast employees and therefore deny them.  Defendants admit the allegations in the second, third, fifth, and sixth sentences of Paragraph 99.  Defendants admit that construction on the cleanrooms began in May or June of 2023 and that as of mid-August 2023, the ceilings, doors, and air locks of the cleanrooms were not completed.  Defendants further admit that as of August 2023, construction had not commenced on all cleanrooms.  Defendants deny the remaining allegations in Paragraph 99.

100.    Defendants admit that as of May 2023, a thermal oil plant, fire suppression system, 72 receptacles in which cells would receive their initial charges, a waste-processing system, floors, and a high-temperature room had not been installed yet at the Facility.  Defendants deny the remaining allegations in paragraph 100.

101.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second and fourth sentences of Paragraph 101 regarding the purported statements of unnamed Microvast employees and therefore deny them.  Defendants lack knowledge or information sufficient to form a belief as to the allegations in the seventh sentence of Paragraph 101 and therefore deny them.  Defendants deny the remaining allegations in Paragraph 101.

102.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 102 regarding the purported statements of unnamed Microvast employees and therefore deny them. Defendants deny the remaining allegations in Paragraph 102.

103. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103 regarding the purported statements of unnamed Microvast employees and therefore deny them. Defendants deny the remaining allegations in Paragraph 103.

104. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104 regarding the purported statements of an unnamed Microvast employee and therefore deny them. Defendants deny the remaining allegations in Paragraph 104.

105. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105 regarding the purported statements of an unnamed Microvast employee and therefore deny them. Defendants deny the remaining allegations in Paragraph 105.

106. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106 regarding the purported statements and beliefs of an unnamed Microvast employee and therefore deny them. Defendants deny the remaining allegations in Paragraph 106.

107. Defendants admit that Microvast stated in its Form 10-K filed on April 1, 2024 that Microvast had $57.0 million in accounts payable due in connection with the Clarksville Facility as of December 31, 2023, that suppliers for the Clarksville facility had filed liens for a total amount of $31.9 million, and that Microvast excepted that it would need an additional $150.0 million to $170.0 million of funding to complete the Phase 1A expansion of the Clarksville Facility, including payment for certain accounts payable owed to suppliers in relation to assets and services provided for the expansion, and refer to the referenced Form 10-K for its contents. Defendants deny the remaining allegations in Paragraph 107.

C.    **Microvast Conceals that the Clarksville Facility's Critical Vendor Was Blowing Through Deadlines**

108.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108 regarding the purported statements of an unnamed Microvast employee and therefore deny them.  Defendants deny the remaining allegations in Paragraph 108.

109.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109 regarding the purported statements of an unnamed Microvast employee and therefore deny them.  Defendants deny the remaining allegations in Paragraph 109.

110.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110 regarding the purported statements of an unnamed Microvast employee and therefore deny them.  Defendants admit the allegations in the second and fourth sentences in Paragraph 110.  Defendants deny the remaining allegations in Paragraph 110.

111.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111 regarding the purported statements of an unnamed Microvast employee and therefore deny them.  Defendants deny the remaining allegations in Paragraph 111.

112.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112 regarding the purported statements of an unnamed Microvast employee and therefore deny them.  Defendants deny the remaining allegations in Paragraph 112.

113.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113 regarding the purported statements of an unnamed Microvast employee and therefore deny them.  Defendants deny the remaining allegations in Paragraph 113.

114.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114 regarding the purported statements of an unnamed Microvast employee and therefore deny them.  Defendants admit that less than 10% of the equipment for the

17

Facility had been delivered by mid-August 2023.  Defendants admit the allegations in the second sentence of Paragraph 114.  Defendants deny the remaining allegations in Paragraph 114.

115.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115 regarding the purported statements of an unnamed Microvast employee and therefore deny them.  Defendants admit that Lyric hired a subcontractor to create an Automated Storage and Retrieval System and that the subcontractor directly shipped the Automated Storage and Retrieval System to the Facility.  Defendants deny the remaining allegations in Paragraph 115.

116.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116 regarding the purported statements of an unnamed Microvast employee and therefore deny them.  Defendants deny the remaining allegations in Paragraph 116.

117.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117 regarding the purported statements of an unnamed Microvast employee and therefore deny them.  Defendants deny the remaining allegations in Paragraph 117.

118.    Defendants deny the allegations in Paragraph 118, except refer to the referenced statements for their contents.

119.    Defendants deny the allegations in Paragraph 119, except refer to the referenced statements for their contents.

## VII.    DEFENDANTS' ACTIONABLE STATEMENTS

### A.    Defendants Falsely Stated that Microvast *Had Received* a Department of Energy Grant

120.    Defendants admit that Microvast posted a statement on its Twitter account on October 19, 2022 and refer to the referenced tweet for its contents.

121.    Defendants admit the allegations in Paragraph 121.

122. Defendants admit that Microvast filed the Application with the Department of Energy and refer to the Application for its contents. Defendants deny the remaining allegations in Paragraph 122.

123. Defendants admit that Microvast issued a press release on November 2, 2022 and refer to the referenced press release for its contents. Defendants deny the remaining allegations in Paragraph 123.

124. Defendants admit that Microvast filed the Application with the Department of Energy and refer to the Application for its contents. Defendants deny the remaining allegations in Paragraph 124.

125. Defendants admit that Microvast issued a press release on November 2, 2022 and refer to the referenced press release for its contents. Defendants deny the remaining allegations in Paragraph 125.

126. Defendants admit the allegations in the first two sentences of Paragraph 126 and refer to the PowerPoint slide deck for its contents. Defendants deny the remaining allegations in Paragraph 126.

127. Defendants admit that Paragraph 127 contains an excerpt of the November 10, 2022 PowerPoint and refer to the referenced slide for its contents.

128. Defendants admit that Microvast filed the Application with the Department of Energy and refer to the Application for its contents. Defendants deny the remaining allegations in Paragraph 128.

129. Defendants admit the allegations in Paragraph 129.

130. Defendants admit the allegations in Paragraph 130.

131. Defendants admit that Kelterborn spoke at the Baird Vehicle Technology & Mobility Conference and deny the remaining allegations in Paragraph 131, except refer to the referenced statement for its contents.

132. Defendants admit that Microvast filed the Application with the Department of Energy and refer to the Application for its contents. Defendants deny the remaining allegations in Paragraph 132.

133. Defendants admit the allegations in the first sentence of Paragraph 133 and that Defendant Wu spoke during Microvast's Q4 2022 earnings call and refer to the referenced statement for its contents.

134. Defendants admit that the Department of Energy issued an announcement on October 19, 2022 and that Defendant Wu spoke during Microvast's Q4 2022 earnings call and refer to the announcement and statement for their contents. Defendants deny the remaining allegations in Paragraph 134 and Footnote 11.

135. Defendants admit that slides accompanied the March 16, 2023 conference call and refer to those slides for their contents.

136. Defendants admit that Microvast filed the Application with the Department of Energy and refer to the Application for its contents. Defendants deny the remaining allegations in Paragraph 136.

**B.    Defendants Falsely and Misleadingly Overstated the Clarksville Facility's Progress**

137. Defendants admit that a call to discuss Microvast's Q4 2022 earnings took place on March 16, 2023 and refer to the referenced statement for its contents.

138. Defendants deny the allegations in Paragraph 138, except refer to the referenced statement for its contents.

20

139. Defendants admit that a call to discuss Microvast's Q4 2022 earnings took place on March 16, 2023 and refer to the referenced statement and presentation for their contents.

140. Defendants admit that none of Lyric's equipment had passed factory acceptance testing in China or had shipped by March 2023 and that Microvast anticipated that Lyric would deliver equipment in March or April 2023. Defendants deny the remaining allegations in Paragraph 140.

141. Defendants admit that a call to discuss Microvast's Q1 2023 earnings took place on May 9, 2023 and refer to the referenced statement for its contents.

142. Defendants admit that a call to discuss Microvast's Q1 2023 earnings took place on May 9, 2023 and that Defendant Wu spoke during the call, and refer to the referenced statement for its contents. Defendants admit that Microvast had a delivery schedule upon which it based the estimated date of completion of the Clarksville Facility. Defendants deny the remaining allegations in Paragraph 142.

143. Defendants admit the allegations in the first sentence of Paragraph 143 and that Defendant Smith spoke at Microvast's Investor Day on May 25, 2023 and refer to the referenced statement for its contents.

144. Defendants admit that delivery of the Automated Storage and Retrieval System was scheduled to occur in approximately mid-July 2023. Defendants further admit that as of May 2023, the Facility was partially electrified and that the majority of the equipment for it had not been assembled or factory tested. Defendants deny the remaining allegations in Paragraph 144, except refer to the referenced statements for their contents.

21

145.     Defendants admit that Microvast issued a press release on May 25, 2023 and refer to the referenced press release for its contents. Defendants deny the remaining allegations in Paragraph 145.

146.     Defendants deny the allegations in Paragraph 146.

147.     Defendants admit that Microvast issued a press release on June 30, 2023 and refer to the referenced press release for its contents.

148.     Defendants admit that Microvast initially anticipated that Lyric's delivery of equipment would occur in March or April 2023.  Defendants admit that most of Lyric's equipment had not passed factory acceptance testing by June 30, 2023.  Defendants admit that as of June 30, 2023 the Facility was partially electrified.  Defendants deny the remaining allegations in Paragraph 148, except refer to the referenced statements for their contents.

149.     Defendants admit the allegations in the first sentence of Paragraph 149 and that Defendant Webster spoke during Microvast's Q2 2023 earnings call on August 7, 2023 and refer to the referenced statement for its contents. Defendants deny the remaining allegations in Paragraph 149.

150.     Defendants admit the allegations in the first sentence of Paragraph 150 and that Defendant Wu spoke during Microvast's presentation at the Oppenheimer Technology, Internet & Communications Conference on August 8, 2023 and refer to the referenced statement for its contents.

151.     Defendants admit that as of August 2023, the Clarksville Facility was partially electrified, that less than 10% of the equipment for the Facility had been delivered by mid-August 2023, and that no equipment was installed in the Facility as of August 8, 2023.  Defendants deny

22

the remaining allegations in Paragraph 151, except refer to the referenced statements for their contents.

152.    Defendants admit that Microvast delivered a presentation at the Oppenheimer Technology, Internet & Communications Conference on August 8, 2023 and that Defendant Webster spoke during the presentation and refer to the referenced statement for its contents.

153.    Defendants admit that less than 10% of the equipment for the Facility had been delivered by mid-August 2023.  Defendants deny the remaining allegations in Paragraph 153, except refer to the referenced statements for their contents.

154.    Defendants admit the allegations in the first sentence of Paragraph 154 and that Zachary Ward spoke during Microvast's Q3 2023 earnings call on November 9, 2023 and refer to the referenced statement for its contents.

155.    Defendants admit that 20% of contractor employees had left the Facility by mid-August 2023 and that 50 to 75% had left by November or December 2023 and the allegations in the sixth sentence in Paragraph 155.  Defendants deny the remaining allegations in Paragraph 155, except refer to the referenced statements for their contents.

156.    Defendants deny the allegations in Paragraph 156, except refer to the referenced statement for its contents.

157.    Defendants deny the allegations in Paragraph 157, except refer to the referenced statement for its contents.

158.    Defendants deny the allegations in Paragraph 158, except refer to the referenced statement for its contents.

159.    Defendants deny the allegations in Paragraph 159, except refer to the referenced statement for its contents.

160. Defendants deny the allegations in Paragraph 160, except refer to the referenced statement for its contents.

161. Defendants deny the allegations in Paragraph 161, except refer to the referenced statement for its contents.

162. Defendants deny the allegations in Paragraph 162, except refer to the referenced statements for their contents.

## VIII.   DEFENDANTS' MISSTATEMENTS CAUSE PLAINTIFFS' LOSSES

### A.   The Department of Energy Terminates Grant Negotiations

163. Defendants admit that Senator John Barrasso and Congressman Frank Lucas publicly released letters sent to Department of Energy Secretary Jennifer Granholm on December 7, 2022 and refer to those letters for their contents. Defendants deny the remaining allegations in Paragraph 163.

164. Defendants deny the allegations in Paragraph 164, except refer to the referenced letters for their contents and to publicly available data regarding historical trading prices for Microvast's common stock.

165. Defendants deny the allegations in Paragraph 165, except refer to the referenced letters for their contents.

166. Defendants admit that Bloomberg issued a report concerning the Application on May 22, 2023 and refer to the referenced report for its contents.

167. Defendants admit that the Subcommittee on Oversight and Investigations of the U.S. House of Representatives Committee on Energy and Commerce held a hearing on May 23, 2023 titled *Growing the Domestic Energy Sector Supply Chain and Manufacturing Base: Are Federal Efforts Working?* and refer to the referenced statement for its contents.

24

168. Defendants admit that David Howell testified at the June 21, 2023 hearing held by the Subcommittee on Oversight and Investigations of the U.S. House of Representatives Committee on Energy and Commerce and refer to Mr. Howell's testimony for its contents.

169. Defendants deny the allegations in Paragraph 169, except refer to publicly available data regarding historical trading prices for Microvast's common stock.

**B. Microvast Suspends Construction of the Clarksville Facility and Reveals It Is $150 Million and 6-8 Months Behind**

170. Defendants admit the allegations in Paragraph 170.

171. Defendants deny the allegations in Paragraph 171, except refer to the referenced statement for its contents.

172. Defendants admit that Defendant Wu spoke during Microvast's April 1, 2024 earnings call and refer to the referenced statement for its contents.

173. Defendants admit that Defendant Webster spoke during Microvast's April 1, 2024 earnings call and refer to the referenced statement for its contents. Defendants deny the remaining allegations in Paragraph 173.

174. Defendants deny the allegations in Paragraph 174, except refer to the referenced statements for their contents.

175. Defendants admit that Microvast held earnings calls for Q3 and Q4 2024 and refer to the referenced statements for their contents. Defendants deny the remaining allegations in Paragraph 175.

176. Defendants deny the allegations in Paragraph 176, except refer to publicly available data regarding historical trading prices for Microvast's common stock.

IX.    **ADDITIONAL FACTS FURTHER PROBATIVE OF SCIENTER**

A.    **Defendants Made Their Statements About the Department of Energy Invitation to Negotiate With Scienter**

1.    *The nature of the statements and Defendants' knowledge that investors were closely monitoring the invitation to negotiate supports scienter*

177.    Defendants deny the allegations in Paragraph 177.

178.    Defendants deny the allegations in Paragraph 178.

179.    Defendants deny the allegations in Paragraph 179.

180.    Defendants deny the allegations in Paragraph 180.

181.    Defendants deny the allegations in Paragraph 181, except refer to publicly available data regarding historical trading prices for Microvast's common stock and the referenced presentation for its contents.

182.    Defendants deny the allegations in Paragraph 182.

2.    *The same executives who led Microvast's efforts to obtain the grant also approved and/or furnished information to be used in false statements about the grant*

183.    Defendants admit that Defendant Webster spoke during Microvast's Q3 2022 earnings call and refer to the referenced statement for its contents. Defendants deny the remaining allegations in Paragraph 183.

184.    Defendants deny the allegations in Paragraph 184, except refer to the referenced press release for its contents.

185.    Defendants deny the allegations in Paragraph 185.

3.    *Microvast's misstatements to the Department of Energy were deliberate*

186.    Defendants deny the allegations in Paragraph 186.

187.    Defendants deny the allegations in Paragraph 187.

26

188.    Defendants deny the allegations in Paragraph 188, except refer to the referenced presentations and filings for their contents.

189.    Defendants deny the allegations in Paragraph 189, except refer to the referenced statements for their contents.

>        *4.    The Barrasso and Lucas letters drew Microvast's attention to the misstatements in the Application*

190.    Defendants deny the allegations in Paragraph 190.

191.    Defendants deny the allegations in Paragraph 191.

192.    Defendants deny the allegations in Paragraph 192, except refer to the referenced statements for their contents.

**B.    Defendants Knew or Were Reckless In Not Knowing that their Statements About the Clarksville Facility**

>        *1.    Wu's March 2023 statement that he had just seen all the equipment for the Clarksville Facility contradicted his own recent experience*

193.    Defendants admit that Defendant Wu spoke during Microvast's Q4 2022 earnings call held on March 16, 2023 and refer to the referenced statement for its contents.

194.    Defendants deny the allegations in Paragraph 194, except refer to the referenced statement for its contents.

195.    The allegations in Paragraph 195 contain a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny those allegations.

>        *2.    Wu and Smith personally witnessed development of the Clarksville Facility on a regular basis*

196.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 196 and therefore deny them. Defendants deny the remaining allegations in Paragraph 196, except refer to the referenced statement for its contents.

197.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 197 regarding FE 3's statements to Plaintiffs' counsel and therefore deny them.  Defendants deny the remaining allegations in Paragraph 28.

198.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 198 regarding FE 1's statements to Plaintiffs' counsel and therefore deny them.

199.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of Paragraph 199 regarding FE 1's statements to Plaintiffs' counsel and therefore deny them.  Defendants deny the remaining allegations in Paragraph 199, except refer to the referenced statement for its contents.

200.    Defendants deny the allegations in the first two sentences of Paragraph 200, except refer to the referenced statement for its contents.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 200 and therefore deny them.

201.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 201 regarding FE 3's statements to Plaintiffs' counsel and therefore deny them.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the vague allegations in the second sentence of Paragraph 201.

202.    Defendants deny the allegations in Paragraph 202, except refer to the referenced statement for its contents.

3.    *A direct subordinate of Smith knew as of Microvast's Investor Day that Lyric could not possibly meet the deadlines Lyric touted on that day*

203.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 203 regarding FE 3's statements to Plaintiffs' counsel and therefore deny them.

204.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first five sentences of Paragraph 204 regarding FE 3's statements to Plaintiffs' counsel and therefore deny them.  Defendants deny the remaining allegations in Paragraph 204, except refer to the referenced statements for their contents.

205.    Defendants deny the allegations in Paragraph 205, except refer to the referenced statement for its contents.

4.    *Webster's false exculpatory statements support scienter*

206.    Defendants deny the allegations in Paragraph 206, except refer to the referenced statements for their contents.

207.    Defendants admit the allegations in the first sentence of Footnote 12.  Defendants otherwise deny the allegations in Paragraph 207 and Footnote 12, except refer to the referenced statements for their contents.

208.    Defendants deny the allegations in Paragraph 208, except refer to the referenced statements for their contents.

209.    The allegations in Paragraph 209 contain a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny those allegations.

5.    *Defendants' statements concerning the Clarksville Facility were specific*

210.    Defendants deny the allegations in Paragraph 210, except refer to the referenced statements for their contents.

29

211.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 211 regarding the "impression" that the alleged comments gave to "reasonable investors" and therefore deny them.  Defendants deny the remaining allegations in Paragraph 211, except refer to the referenced statements for their contents.

      6.    *Wu's December 2023 false statements made from within the Clarksville Facility that it was nearly complete supports an inference that they made the earlier statements about the Clarksville Facility with scienter*

212.    Defendants admit that Microvast was approximately halfway through its budget for capital expenditures as of December 31, 2023. Defendants otherwise deny the allegations in Paragraph 212.

213.    Defendants deny the allegations in Paragraph 213, except refer to the referenced statements for their contents.

214.    Defendants deny the allegations in Paragraph 214, except refer to the referenced statement for its contents.

215.    The allegations in Paragraph 215 contain a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny those allegations.

      7.    *The difference between the facts Microvast claimed during the Class Period—that it was putting the finishing touches on Clarksville—and the true facts—that the delays and costs of the Clarksville Facility were causing substantial doubt about Microvast's ability to continue as a going concern—supports an inference of scienter*

216.    Defendants admit that Microvast filed a Form 10-K on April 1, 2024 and refer to the referenced Form 10-K for its contents.  Defendants deny the remaining allegations in Paragraph 216.

217.   Defendants admit the allegations in the first sentence of Paragraph 217 and refer to the referenced Form 10-Q for its contents. Defendants deny the remaining allegations in Paragraph 217.

218.   Defendants deny the allegations in Paragraph 218, except refer to the referenced Form 10-Q for its contents.

## X.   PLAINTIFFS' CLASS ACTION ALLEGATIONS

219.   Defendants admit that Plaintiffs purport to bring this action as a putative class action on behalf of the class described.  Defendants deny that Plaintiffs or the putative class members they purport to represent are entitled to relief and deny that class treatment of Plaintiffs' claims is appropriate.  Defendants deny the remaining allegations in Paragraph 219.

220.   Defendants admit that Microvast was traded on the NASDAQ during the Class Period.  Defendants deny the remaining allegations in Paragraph 220.

221.   The allegations in Paragraph 221 contain a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny those allegations.

222.   The allegations in Paragraph 222 contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny those allegations.

223.   The allegations in Paragraph 223 contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny those allegations.

224.   The allegations in Paragraph 224 contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny those allegations.

## XI.   PRESUMPTION OF RELIANCE

225.   Defendants state that the allegations in Paragraph 225 preceding the bulleted subparagraphs, and the allegation that Microvast was eligible to file a Registration Statement on Form S-3 throughout the Class Period, contain legal conclusions to which no response is required.

To the extent a response is required, Defendants deny those allegations. With respect to the remainder of the allegations in Paragraph 225, Defendants admit that, during the class period, Microvast's common stock was listed and traded on the NASDAQ, it filed periodic reports with the SEC and the NASDAQ, it issued public statements, and it was followed by securities analysts who published publicly available reports on the company. Defendants lack knowledge or information sufficient to form a belief as to whether market makers made a market in Microvast's stock or what percentage of its outstanding shares were traded weekly and therefore deny those allegations. Defendants deny the remaining allegations in Paragraph 225.

226. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 226 and therefore deny them. The allegations in the second sentence of Paragraph 226 contain a legal conclusion to which no response is required. To the extent a response is required, Defendants deny those allegations.

227. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of Paragraph 227 and therefore deny them. The allegations in the third sentence of Paragraph 227 contain a legal conclusion to which no response is required. To the extent a response is required, Defendants deny those allegations.

## XII. THE STATUTORY SAFE HARBOR AND BESPEAKS CAUTION DOCTRINE ARE INAPPLICABLE

228. The allegations in Paragraph 228 contain a legal conclusion to which no response is required. To the extent a response is required, Defendants deny those allegations.

229. The allegations in Paragraph 229 contain a legal conclusion to which no response is required. To the extent a response is required, Defendants deny those allegations.

230. The allegations in Paragraph 230 contain a legal conclusion to which no response is required. To the extent a response is required, Defendants deny those allegations.

231.    The allegations in Paragraph 231 contain a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny those allegations.

232.    The allegations in Paragraph 232 contain a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny those allegations.

## XIII.   COUNT I
### Violation of Section 10(b) of The Exchange Act and Rule 10b-5
### <u>Against All Defendants</u>

233.    Defendants restate and incorporate their responses to the allegations in the preceding paragraphs as though fully set forth herein.

234.    Defendants admit that Plaintiffs purport to assert claims pursuant to Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.10b-5.  Defendants deny the remaining allegations in Paragraph 234.

235.    The allegations in Paragraph 235 contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny those allegations.

236.    The allegations in Paragraph 236 contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny those allegations.

237.    The allegations in Paragraph 237 contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny those allegations.

238.    The allegations in Paragraph 238 contain a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny those allegations.

239.    The allegations in Paragraph 239 contain a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny those allegations.

240.    The allegations in Paragraph 240 contain a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny those allegations.

241.    The allegations in Paragraph 241 contain a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny those allegations.

242.    The allegations in Paragraph 242 contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny those allegations.

## XIV.   COUNT II
### Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

243.    Defendants restate and incorporate their responses to the allegations in the preceding paragraphs as though fully set forth herein.

244.    The allegations in Paragraph 244 contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny those allegations.

245.    Defendants admit only that the Individual Defendants participated in the operation and management of Microvast and its operating units and in the conduct of Microvast's business affairs.  The remaining allegations in Paragraph 245 contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the remaining allegations in Paragraph 245.

246.    The allegations in Paragraph 246 contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 246.

247.    The allegations in Paragraph 247 contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny those allegations.

248.    The allegations in Paragraph 248 contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny those allegations.

34

## PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to any of the relief requested in the Prayer for Relief and deny the remaining allegations in these and any other portions of the Complaint to the extent not expressly admitted herein.

## JURY TRIAL DEMANDED

Defendants join Plaintiffs' demand for a trial by jury.

## DEFENSES

Without assuming the burden of proof or persuasion where it otherwise rests with Plaintiffs, Defendants plead the following defenses:

## FIRST DEFENSE

Without admitting that Plaintiffs suffered damages, or that Defendants are liable for any such damages, Defendants assert that any liability is limited by 15 U.S.C. § 78u-4(e) & (f) and under principles of equitable allocation, recoupment, set-off, proportionate liability, comparative fault, and failure to mitigate.

## SECOND DEFENSE

Plaintiffs' claim under Section 20(a) of the Exchange Act fails because Defendants acted with good faith and did not directly or indirectly induce any act or acts constituting a direct or primary violation of the Securities Exchange Act of 1934 or the rules or regulations thereunder.

## THIRD DEFENSE

Every act or omission alleged in the Complaint was done or omitted in good faith conformity with the rules and regulations of the Securities and Exchange Commission, and therefore, pursuant to Section 23(a) of the Securities Exchange Act of 1934, there is no liability for any act or omission so alleged.

## FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs assumed risks about which they complain in this action.

## FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent applicable, by waiver, release, and discharge.

## SIXTH DEFENSE

Plaintiffs' claims are barred to the extent they are untimely under the applicable statute of limitations and/or doctrine of laches.

## SEVENTH DEFENSE

Defendants are not liable for alleged misstatements and omissions protected by the safe harbor provision of Section 10(b) of the Exchange Act and the rules promulgated thereunder and/or the "bespeaks caution" doctrine.

## RESERVATION OF RIGHTS TO ASSERT ADDITIONAL DEFENSES

Defendants reserve the right to raise any additional defenses, crossclaims, and third-party claims not asserted herein of which they may become aware through discovery or other investigation, as may be appropriate at a later time.

WHEREFORE, Defendants, having fully answered Plaintiffs' Complaint, pray:

(a)     that the Complaint be dismissed with prejudice;

(b)     that judgment be entered in Defendants' favor;

(c)     that all costs of this action be taxed against Plaintiff; and

(d)     for such other any further relief as the Court deems proper.

Dated: October 14, 2025

Respectfully submitted,

/s/ *Paul R. Bessette*

**KING & SPALDING LLP**

Paul R. Bessette
Texas Bar No. 02263050
Michael J. Biles
Texas Bar No. 24008578
Texas Bar No. 24135291
500 West 2nd Street, Suite 1800
Austin, Texas 78701
Tel: (512) 457-2000
Fax: (512) 457-2100
Email: pbessette@kslaw.com
Email: mbiles@kslaw.com

*Attorneys for Defendants Microvast Holdings, Inc., Yang Wu, Craig Webster, Sascha Kelterborn, and Shane Smith*

37

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day, October 14, 2025, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.


*/s/ Paul R. Bessette*
Paul R. Bessette