**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| KIM SCHELLING, *individually and on behalf of all others similarly situated*, <br><br> Plaintiff, <br><br> v. <br><br> MICROVAST HOLDINGS, INC., *et al.*, <br><br> Defendants. | **Case No: 4:23-cv-4565** <br><br> **INDIVIDUAL DEFENDANT ZACHARIAH WARD'S ANSWER TO PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** |

Defendant Zachariah Ward ("Defendant" or "Ward"), through his undersigned counsel, hereby files his Answer and Defenses to the Amended Class Action Complaint (the "Complaint"), Dkt. 30. Defendant denies all allegations that are not expressly admitted below.[1]

Ward was employed by Microvast as vice president of Energy Solutions from January 2022 until August 2023; Microvast Energy President from February 24, 2023 until August 4, 2023; and Microvast Holdings President and Officer from August 5, 2023 until January 3, 2024. Ward resigned from Microvast on January 3, 2024, and his last day of employment was February 5, 2024. Ward, therefore, lacks knowledge or information sufficient to form a belief as to the truth of factual allegations relate to (1) events outside the time period during which he was employed by Microvast and (2) certain events outside the time periods he served as Microvast Energy President or Microvast Holdings President. By answering the Complaint, Defendant does not concede that any of its allegations are proper bases of liability or foundations for discovery. Defendant's responses to the specific allegations made in the numbered paragraphs of the Complaint are set forth below.

---

[1] Defendant also denies all titles, headings, footnotes, subheadings, and any other material not contained in a numbered paragraph. When a document (or statements, conclusions, or other material references therefore) is referenced in this Answer, it speaks for itself. That is, when Defendant responds to an allegation by stating that he refers to a document, that document itself is the best evidence of its contents, and Defendant denies any allegations or characterizations based on the document. Defendant also denies any emphasis or other alteration to quotations from a document. Defendant reserves all rights regarding the existence, authenticity, accuracy, and admissibility of such documents.

Defendant reserves the right to seek to amend or supplement his Answer as may be necessary and appropriate.

## I.      INTRODUCTION

1.      Defendant admits that Plaintiffs purport to assert claims pursuant to Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5, 17 C.F.R. § 240.10b-5, and that Plaintiffs purport to bring this action as a putative class action on behalf of the class described.  Defendant denies that Plaintiffs or the putative class members they purport to represent are entitled to relief and deny that class treatment of Plaintiffs' claims is appropriate.  To the extent Paragraph 1 contains additional allegations to which a response is required, Defendant denies those allegations.

2.      Defendant admits the allegations in the first sentence of Paragraph 2.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 2 and therefore denies it. Defendant denies the remaining allegations in Paragraph 2.

3.      Defendant admits that the Infrastructure Investment and Jobs Act was passed by the U.S. Congress in 2021 and that the Inflation Reduction Act was passed by the U.S. Congress in 2022. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3 and therefore denies them.

4.      Based on Defendant's specific dates of employment and job functions with Microvast, Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4.

5.       Based on Defendant's specific dates of employment and job functions with Microvast, Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5 and therefore denies them.

6. Defendant admits that Microvast filed the Application with the Department of Energy ("DOE") and refers to the Application for its contents. of the remaining allegations in Paragraph 6.

7. Defendant admits that Microvast posted a statement to its social media accounts on LinkedIn and Twitter on October 19, 2022 that "Microvast's thermally stable polyaramid separator manufacturing plant proposal was selected as a recipient of a $200 million grant from the U.S. DOE's Battery Materials Processing and Battery Manufacturing initiative" and refers to the posts for their contents. Based on Defendant's specific dates of employment and job functions with Microvast, Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7 and therefore denies them.

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 regarding the thoughts and assumptions of investors and the conclusions of the DOE and therefore denies them. Defendant denies the remaining allegations in Paragraph 8.

9. Defendant admits that U.S. Congressman Frank Lucas and U.S. Senator John Barrasso published letters sent to the DOE regarding Microvast beginning in December 2022. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 regarding the beliefs of investors and therefore denies them. Defendant denies the remaining allegations in Paragraph 9.

10. Defendant admits that Bloomberg published an article on May 22, 2023 regarding termination of negotiations for the award of a DOE grant to Microvast and refers to the article for its contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 regarding the feelings of investors and therefore denies them. Defendant denies the remaining allegations in Paragraph 10, except refers to publicly available data regarding historical trading prices for Microvast's common stock.

11. Based on Defendant's specific dates of employment and job functions, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 11.

12. Based on Defendant's specific dates of employment and job functions, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 12.

13. Defendant denies the allegations in the first sentence of Paragraph 13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 13, except refers to the statement by Defendant Wu for its contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 13 regarding the purported recollection of an unnamed Microvast employee and therefore denies them. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 13, except refers to the statement by Defendant Smith for its contents. Defendant denies the remaining allegations in Paragraph 13.

14. Defendant denies the allegations in Paragraph 14, except refers to the statement by Defendant Wu for its contents.

15. Based on Defendant's specific dates of employment and job functions, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations in in Paragraph 15. To the extent the allegations Paragraph 15 call for further response, Defendant denies them.

16. Based on Defendant's specific dates of employment and job functions, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations in in Paragraph 16. To the extent the allegations in Paragraph 16 call for further response, Defendant denies them, except refers to publicly available data regarding historical trading prices for Microvast's common stock.

17.    Defendant denies the allegations in Paragraph 17, except refers to the Application for its contents and to publicly available data regarding historical trading prices for Microvast's common stock.

## II.    JURISDICTION AND VENUE

18.    Defendant admits that Plaintiffs purport to assert claims pursuant to Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5, 17 C.F.R. § 240.10b-5.  Defendant denies the remaining allegations in Paragraph 18.

19.    Defendant admits the allegations in Paragraph 19.

20.    Defendant admits that venue is proper in this judicial district.  Defendant denies the remaining allegations in Paragraph 20.

21.    Defendant denies the allegations in Paragraph 21.

## III.    PARTIES AND FORMER MICROVAST EMPLOYEES

22.    Defendant denies that Plaintiffs Steve Rodgers and Gregory L. Dunham were damaged by purchase of Microvast securities during the Class Period.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22 and therefore denies them.

23.    Defendant denies that Plaintiff Randy Fonk was damaged by purchase of Microvast securities during the Class Period.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23 and therefore denies them, except refers to the Exhibit referenced in Paragraph 23 for its contents.

24.    Defendant admits the allegations in the first sentence of Paragraph 24 and that Microvast is headquartered in Texas.  Defendant denies the remaining allegations in Paragraph 24.

25.     Defendant admits the allegations in the first sentence of Paragraph 25.  Defendant denies the remaining allegations in Paragraph 25, except refers to public SEC filings concerning Defendant Wu's beneficial ownership of Microvast's common stock.

26.      Based on Defendant's specific dates of employment and job functions, Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 26.

27.     Based on Defendant's specific dates of employment and job functions, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 27 and therefore denies them.

28.     Based on Defendant's specific dates of employment and job functions, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations in the first two sentences of Paragraph 28 and therefore denies them.  Defendant admits that Defendant Smith was appointed as Chief Procurement Officer effective August 7, 2023 and that his last day of employment with Microvast was September 4, 2023.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of Paragraph 28 regarding FE 3's statements to Plaintiffs' counsel and therefore denies them.  Defendant denies the remaining allegations in Paragraph 28.

29.     Defendant admits that he was employed by Microvast as vice president of Energy Solutions from January 2022 until August 2023; Microvast Energy President from February 24, 2023 until August 4, 2023; and Microvast Holdings President and Officer from August 5, 2023 until January 3, 2024.  Ward resigned from Microvast on January 3, 2023, and his last day of employment was February 5, 2024.  Defendant denies the remaining allegations in paragraph 29.

30.     Defendant admits that the Complaint refers to Wu, Webster, Kelterborn, Smith, and Ward as the "Individual Defendants."  Defendant denies the remaining allegations in Paragraph 30.

31.    Defendant denies that Christopher Barbee reported to William Muir. Defendants admit that William Muir reported to Defendant Smith. Defendant admits that the Complaint represents that references to numbered "FE" are to former Microvast employees. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 31 and Footnote 1 and therefore denies them.

32.    Based on Defendant's specific dates of employment and job functions, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 32 and therefore denies them.

33.    Based on Defendant's specific dates of employment and job functions, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations in  Paragraph 33 and therefore denies them.

## IV.    DEFENDANTS COME TO U.S. SHORES THROUGH A SPAC

34.    Defendant admits the allegations in the first and second sentences in Paragraph 34. Defendant denies the remaining allegations in Paragraph 34.

35.    Defendant admits the allegations in the second and third sentences of Paragraph 35. Defendant denies the remaining allegations in Paragraph 35.

36.    Based on Defendant's specific dates of employment and job functions, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations in in Paragraph 36 and therefore denies them.

37.    Based on Defendant's specific dates of employment and job functions, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations in in Paragraph 37 and Footnote 2 and therefore denies them.  .

38.     Based on Defendant's specific dates of employment and job functions, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 38 and therefore denies them.

39.     Based on Defendant's specific dates of employment and job functions, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 39 and therefore denies them, except refers to the statement purportedly quoted in Paragraph 39 for its contents.

40.     Based on Defendant's specific dates of employment and job functions with Microvast, Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 and therefore denies them.

## V.     DEFENDANTS MADE FALSE STATEMENTS ABOUT RECEIVING A GRANT FROM THE DEPARTMENT OF ENERGY

### A.     Department of Energy Grant Award Process

41.     Defendant admits that the U.S. DOE's Office of Energy Efficiency and Renewable Energy was responsible for issuing the grant sought by Microvast.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 41.

42.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 and therefore denies them.

43.     Defendant admits that the Subcommittee on Oversight and Investigations of the U.S. House of Representatives Committee on Energy and Commerce held a hearing on June 21, 2023 titled *Microvast and More: Oversight of President Biden's Energy Spending Spree*.  Defendant admits that Director of the DOE's Office of Manufacturing and Energy Supply Chains David Howell testified at the June 21, 2023 hearing and refers to Mr. Howell's testimony for its contents.

44.     Defendant admits that the U.S. Senate Committee on Energy and Natural Resources held a hearing on February 2, 2023 at which DOE Deputy Secretary David M. Turk testified and refers to Mr. Turk's testimony for its contents.   Defendant denies the remaining allegations in Paragraph 44.

**B.     Congress Enacts the Bipartisan Infrastructure Law to Bootstrap American Green Energy Infrastructure**

45.     Defendant admits the allegations in Paragraph 45.

46.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 and therefore denies them.

47.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 and therefore denies them.

48.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 and therefore denies them.

49.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 and therefore denies them.

50.     Defendant admits that Paragraph 50 purports to quote from the application instructions and refers to the application instructions for its contents. Defendant denies the remaining allegations in Paragraph 50.

51.     Defendant admits that Paragraph 51 purports to quote from the application instructions and refers to the application instructions for its contents. Defendant denies the remaining allegations in Paragraph 51.

52.     Defendant admits that Paragraph 52 purports to quote from the application instructions and refers to the application instructions for its contents.

53.     Defendants admits that Paragraph 53 purports to quote from 42 U.S.C. § 18741(a)(5)(C) and 10 U.S.C. § 4872(d)(2)(B) and refers to those statutory provisions for their contents.

54.     Defendant admits that Paragraph 54 purports to quote from 42 U.S.C. § 18741(b)(3)(C) and refer to that statutory provision and the application materials for their contents.

55.     Defendant admits that President Biden gave remarks on the Bipartisan Infrastructure Law on October 19, 2022 and refers to the referenced statement for its contents.

56.     Defendant admits that David Howell testified at the June 21, 2023 hearing held by the Subcommittee on Oversight and Investigations of the U.S. House of Representatives Committee on Energy and Commerce and refers to Mr. Howell's testimony for its contents.

57.     Defendant denies the allegations in Paragraph 57.

**C.     Microvast Misleadingly Minimizes Its Chinese Operations to the Department of Energy**

58.     Based on Defendant's specific dates of employment and job functions, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations in in Paragraph 58 and Footnote 3 and therefore denies them, except refers to the referenced Form 10-K for its contents.  .

59.     Defendant denies the allegations in Paragraph 59.

60.     Based on Defendant's specific dates of employment and job functions, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 60 and Footnote 4 and therefore denies them.

61.     Defendant admits that Microvast posted a statement to its social media accounts on LinkedIn and Twitter on October 19, 2022 and that the DOE made an announcement on May 22, 2023, and refers to the referenced statements for their contents. Defendant denies the remaining allegations in Paragraph 61.

62.    Based on Defendant's specific dates of employment and job functions, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 62 and therefore denies them, except refers to the Application for its contents.

63.    Based on Defendant's specific dates of employment and job functions, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 63 and therefore denies them, except refers to the Application for its contents.

64.    Based on Defendant's specific dates of employment and job functions, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 64 and therefore denies them.

65.    Defendant admits that Microvast filed the Application with the DOE and refers to the Application for its contents. Based on Defendant's specific dates of employment and job functions with Microvast, Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 65 and therefore denies them.

66.    Based on Defendant's specific dates of employment and job functions, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations in  Paragraph 66 and Footnote 5 and therefore denies them, except refers to the referenced statement for its contents.

67.    Defendant admits that Microvast is headquartered in Stafford, Texas and that it opened a research and development facility in the Orlando Metropolitan Area.  Based on Defendant's specific dates of employment and job functions, Defendant lacks sufficient knowledge to form a belief as to the truth of the remaining allegations in in Paragraph 67 and therefore denies them, except refers to the referenced filing for its contents.

68.    Based on Defendant's specific dates of employment and job functions, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations in in Paragraph 68 and therefore denies them.

69.    Based on Defendant's specific dates of employment and job functions, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 69 and Footnote 7 and therefore denies them.

70.    Based on Defendant's specific dates of employment and job functions, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 70 and therefore denies them.

71.    Based on Defendant's specific dates of employment and job functions with Microvast, Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 and therefore denies them.

72.    Based on Defendant's specific dates of employment and job functions, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations in in Paragraph 72 and therefore denies them.

73.    Based on Defendant's specific dates of employment and job functions, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 73 and therefore denies them.

74.    Based on Defendant's specific dates of employment and job functions, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 74 and therefore denies them.

75.    Based on Defendant's specific dates of employment and job functions, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations in  Paragraph 75 and Footnotes 8 and 9 and therefore deny them.

**D.      Microvast's Misstatements Create A Risk that Its Application Will Be Denied at the Negotiation Stage**

76.      Based on Defendant's specific dates of employment and job functions, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 76 and therefore denies them, except refers to the referenced Form 10-K for its contents.

77.      Defendant admits that Microvast filed the Application with the DOE and refers to the Application for its contents. Based on Defendant's specific dates of employment and job functions, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 77 and therefore denies them.

78.      Defendant admits that Microvast made filings with the SEC and refers to those filings for their contents. Based on Defendant's specific dates of employment and job functions, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations in in Paragraph 78 and therefore denies them.

79.      Based on Defendant's specific dates of employment and job functions, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 79 and therefore denies them.

80.      Based on Defendant's specific dates of employment and job functions, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 80 and therefore denies them.

81.      Based on Defendant's specific dates of employment and job functions, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 81 and therefore denies them.

**VI.      MICROVAST OVERSTATED THE CLARKSVILLE FACILITY'S PROGRESS**

**A.      For Almost A Year, Microvast Tells Investors Construction of the Clarksville Facility Is Nearing Completion**

13

82. Based on Defendant's specific dates of employment and job functions, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 82 and therefore denies them.

83. Defendant admits the allegations in the first, second, and sixth sentences of Paragraph 83. Defendant lacks sufficient knowledge to form a belief as to the truth of the remaining allegations in Paragraph 83 and therefore denies them.

84. Defendant admits that Defendant Smith spoke at Microvast's Investor Day on May 25, 2023 and refers to the referenced statement for its contents. Defendant denies the remaining allegations in Paragraph 84.

85. Defendant admits that Microvast made a presentation at its May 25, 2023 Investor Day and refers to the referenced slide for its contents. Defendant lacks sufficient knowledge to form a belief as to the truth of the remaining allegations in in Paragraph 85 and in footnote 10 and therefore denies them.

86. Defendant denies the allegations in Paragraph 86.

87. Defendant admits that Microvast held an earnings call for Q3 2022 on November 10, 2022 and refers to the referenced statement for its contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 87 regarding the purported recollection of an unnamed Microvast employee and therefore denies them.

88. Defendant admits that Microvast held an earnings call for Q4 2022 on March 16, 2023 and refers to the referenced statement for its contents. Defendant denies the remaining allegations in Paragraph 88.

89. Defendant admits that Defendant Smith spoke at Microvast's Investor Day on May 25, 2023 and refers to the referenced statement for its contents. Defendant denies the remaining allegations in Paragraph 89.

90. Defendant admits that Defendant Smith spoke at Microvast's Investor Day on May 25, 2023 and refers to the referenced statements for their contents. Based on Defendant's specific dates of employment and job functions, Defendant lacks sufficient knowledge to form a belief as to the truth of the remaining allegations in Paragraph 90 and therefore denies them.

91. Defendant admits that Microvast held an earnings call for Q2 2023 on August 7, 2023 and refers to the referenced statement for its contents.

92. Defendant admits that Microvast held an earnings call for Q3 2023 on November 9, 2023 and refers to the referenced statements for their contents.

93. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 93 regarding the purported recollections of unnamed Microvast employees and therefore denies them. Based on Defendant's specific dates of employment and job functions with Microvast, Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 93 and therefore denies them.

94. Based on Defendant's specific dates of employment and job functions with Microvast, Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94 and therefore denies them.

95. Defendant denies the allegations in Paragraph 95.

**B. Microvast Publicly Overstated the Progress of the Clarksville Facility's Construction**

96. Defendant denies the allegations in Paragraph 96.

97.    Defendant denies the allegations in Paragraph 97.

98.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98 regarding the purported statements of unnamed Microvast employees and therefore denies them.  Defendant denies the remaining allegations in Paragraph 98.

99.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99 regarding the purported statements of unnamed Microvast employees and therefore denies them.  Defendant admits the allegations in the second, third,  and sixth sentences of Paragraph 99.  Defendant denies the remaining allegations in Paragraph 99.

100.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100 and therefore denies them.

101.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second and fourth sentence of Paragraph 101 regarding the purported statements of unnamed Microvast employees and therefore denies them.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 101 and therefore denies them.

102.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 102 regarding the purported statements of unnamed Microvast employees and therefore denies them. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegation in Paragraph 102 and therefore denies it. .

103.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103 regarding the purported statements of unnamed Microvast employees and therefore denies them.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 103 and therefore denies them.

104. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104 regarding the purported statements of an unnamed Microvast employee and therefore denies them. Defendant denies the remaining allegations in Paragraph 104.

105. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105 regarding the purported statements of an unnamed Microvast employee and therefore denies them. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 105 and therefore denies them.

106. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106 regarding the purported statements and beliefs of an unnamed Microvast employee and therefore denies them. Defendant denies the remaining allegations in Paragraph 106.

107. Based on Defendant's specific dates of employment and job functions, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 107 and therefore denies them, except refers to the Microvast statements contained in its Form 10-K filed on April 1, 2024 for its contents.

### C. Microvast Conceals that the Clarksville Facility's Critical Vendor Was Blowing Through Deadlines

108. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108 regarding the purported statements of an unnamed Microvast employee and therefore denies them. Defendant denies the remaining allegations in Paragraph 108.

109. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109 regarding the purported statements of an unnamed Microvast employee and therefore denies them. Defendant denies the remaining allegations in Paragraph 109.

110. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110 regarding the purported statements of an unnamed Microvast employee and therefore denies them. Defendant admits the allegations in the second and fourth sentences of Paragraph 110. Defendant denies the remaining allegations in Paragraph 110.

111. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111 regarding the purported statements of an unnamed Microvast employee and therefore denies them. Defendant denies the remaining allegations in Paragraph 111.

112. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112 regarding the purported statements of an unnamed Microvast employee and therefore denies them. Defendant denies the remaining allegations in Paragraph 112.

113. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113 regarding the purported statements of an unnamed Microvast employee and therefore denies them. remaining allegations in Paragraph 113.

114. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114 regarding the purported statements of an unnamed Microvast employee and therefore denies them. Defendant lacks knowledge or information sufficient to form a belief as to the truth the remaining allegations in Paragraph 114 and therefore denies them.

115. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115 regarding the purported statements of an unnamed Microvast employee and therefore denies them. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 115 and therefore denies them.

116. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116 regarding the purported statements of an unnamed Microvast employee and therefore denies them. Defendant denies the remaining allegations in Paragraph 116.

117.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117 regarding the purported statements of an unnamed Microvast employee and therefore denies them.  Defendant denies the remaining allegations in Paragraph 117.

118.    Defendant denies the allegations in Paragraph 118, except refers to the referenced statements for their contents.

119.    Defendant denies the allegations in Paragraph 119, except refers to the referenced statements for their contents.

## VII.    DEFENDANTS' ACTIONABLE STATEMENTS

### A.    Defendants Falsely Stated that Microvast *Had Received* a Department of Energy Grant

120.    Defendant admit that Microvast posted a statement on its Twitter account on October 19, 2022 and refers to the referenced tweet for its contents.

121.    Defendant admits the allegations in Paragraph 121.

122.    Defendant admits that Microvast filed the Application with the DOE and refers to the Application for its contents. Based on Defendant's specific dates of employment and job functions with Microvast, Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 122 and therefore denies them.

123.    Defendant admits that Microvast issued a press release on November 2, 2022 and refers to the referenced press release for its contents. Based on Defendant's specific dates of employment and job functions with Microvast, Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 123 and therefore denies them.

124.    Defendant admits that Microvast filed the Application with the DOE and refers to the Application for its contents.  Based on Defendant's specific dates of employment and job functions

with Microvast, Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 124.

125.    Defendant admits that Microvast issued a press release on November 2, 2022 and refers to the referenced press release for its contents. Defendant was employed by Microvast as vice president of Energy Solutions from January 2022 until August 2023; Microvast Energy President from February 24, 2023 until August 4, 2023; Microvast Holdings President and Officer from August 5, 2023 until January 3, 2024.  Defendant resigned for Good Reason from Microvast on January 3, 2023, and his last day of employment was February 5, 2024.  Based on Defendant's specific dates of employment and job functions with Microvast, Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 125.

126.    Defendant admits the allegations in the first two sentences of Paragraph 126 and refers to the PowerPoint slide deck for its contents.  Based on Defendant's specific dates of employment and job functions with Microvast, Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 126.

127.    Defendant admits that Paragraph 127 contains an excerpt of the November 10, 2022 PowerPoint and refers to the referenced slide for its contents.  Based on Defendant's specific dates of employment and job functions with Microvast, Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 127 and therefore denies them.

128.    Defendant admits that Microvast filed the Application with the DOE and refers to the Application for its contents. Based on Defendant's specific dates of employment and job functions with Microvast, Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 128 and therefore denies them.

129. Based on Defendant's specific dates of employment and job functions, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 129.

130. Based on Defendant's specific dates of employment and job functions, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 130, except refers to the referenced statement for its contents.

131. Based on Defendant's specific dates of employment and job functions, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 131 and therefore denies them, except refers to the referenced statement for its contents.

132. Defendant admits that Microvast filed the Application with the DOE and refers to the Application for its contents. Based on Defendant's specific dates of employment and job functions with Microvast, Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 132 and therefore denies them.

133. Based on Defendant's specific dates of employment and job functions, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 133, except refers to the referenced statement for its contents.

134. Based on Defendant's specific dates of employment and job functions, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 134 and Footnote 11 and therefore denies them, except refers to the referenced statement for its contents.

135. Defendant admits that slides accompanied the March 16, 2023 conference call and refers to those slides for their contents.

136. Defendant admits that Microvast filed the Application with the DOE and refers to the Application for its contents. Based on Defendant's specific dates of employment and job functions with Microvast, Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 136 and therefore denies them.

**B.    Defendants Falsely and Misleadingly Overstated the Clarksville Facility's Progress**

137.    Defendant admits that a call to discuss Microvast's Q4 2022 earnings took place on March 16, 2023 and refers to the referenced statement for its contents.

138.    Defendant denies the allegations in Paragraph 138, except refers to the referenced statement for its contents.

139.    Defendant admits that a call to discuss Microvast's Q4 2022 earnings took place on March 16, 2023 and refers to the referenced statement and presentation for their contents.

140.    Based on Defendant's specific dates of employment and job functions with Microvast, Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 140 and therefore denies them.

141.    Defendant admits that a call to discuss Microvast's Q1 2023 earnings took place on May 9, 2023 and refers to the referenced statement for its contents.

142.    Defendant admits that a call to discuss Microvast's Q1 2023 earnings took place on May 9, 2023 and that Defendant Wu spoke during the call, and refer to the referenced statement for its contents.  Based on Defendant's specific dates of employment and job functions with Microvast, Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 142 and therefore denies them.

143.    Based on Defendant's specific dates of employment and job functions with Microvast, Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 143.

144.    Based on Defendant's specific dates of employment and job functions, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 144, except refers to the referenced statements for their contents.

145.    Based on Defendant's specific dates of employment and job functions with Microvast, Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 145.

146.    Based on Defendant's specific dates of employment and job functions, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 146 and therefore denies them.

147.    Defendant admits that Microvast issued a press release on June 30, 2023 and refers to the referenced press release for its contents.

148.    Based on Defendant's specific dates of employment and job functions, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 148 and therefore denies them, except refers to the referenced statements for their contents.

149.    Defendant admits the allegations in the first sentence of Paragraph 149 and that Defendant Webster spoke during Microvast's Q2 2023 earnings call on August 7, 2023 and refers to the referenced statement for its contents.

150.    Defendant admits the allegations in the first sentence of Paragraph 150 and that Defendant Wu spoke during Microvast's presentation at the Oppenheimer Technology, Internet & Communications Conference on August 8, 2023 and refers to the referenced statement for its contents.

151.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the in Paragraph 151 and therefore denies them.

152.    Defendant admits that Microvast delivered a presentation at the Oppenheimer Technology, Internet & Communications Conference on August 8, 2023 and that Defendant Webster spoke during the presentation and refers to the referenced statement for its contents.

153. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations Paragraph 153 and therefore denies them.

154. Defendant admits the allegations in the first sentence of Paragraph 154 and that Defendant Ward spoke during Microvast's Q3 2023 earnings call on November 9, 2023 and refers to the referenced statement for its contents.

155. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 155 and therefore denies them.

156. Defendant denies the allegations in Paragraph 156, except refers to the referenced statement for its contents.

157. Defendant denies the allegations in Paragraph 157, except refers to the referenced statement for its contents.

158. Defendant denies the allegations in Paragraph 158, except refers to the referenced statement for its contents.

159. Defendant denies the allegations in Paragraph 159, except refers to the referenced statement for its contents.

160. Defendant denies the allegations in Paragraph 160, except refers to the referenced statement for its contents.

161. Defendant denies the allegations in Paragraph 161, except refers to the referenced statement for its contents.

162. Defendant denies the allegations in Paragraph 162, except refers to the referenced statements for their contents.

## VIII. DEFENDANTS' MISSTATEMENTS CAUSE PLAINTIFFS' LOSSES

### A. The Department of Energy Terminates Grant Negotiations

163. Defendant admits that Senator John Barrasso and Congressman Frank Lucas publicly released letters sent to DOE Secretary Jennifer Granholm on December 7, 2022 and refers to those letters for their contents. Based on Defendant's specific dates of employment and job functions, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 163 and therefore denies them.

164. Based on Defendant's specific dates of employment and job functions, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 164 and therefore denies them, except refers to the referenced letters for their contents and to publicly available data regarding historical trading prices for Microvast's common stock.

165. Based on Defendant's specific dates of employment and job functions, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 165 and therefore denies them, except refers to the referenced letters for their contents.

166. Defendant admits that Bloomberg issued a report concerning the Application on May 22, 2023 and refers to the referenced report for its contents.

167. Defendant admits that the Subcommittee on Oversight and Investigations of the U.S. House of Representatives Committee on Energy and Commerce held a hearing on May 23, 2023 titled *Growing the Domestic Energy Sector Supply Chain and Manufacturing Base: Are Federal Efforts Working?* and refers to the referenced statement for its contents.

168. Defendant admits that David Howell testified at the June 21, 2023 hearing held by the Subcommittee on Oversight and Investigations of the U.S. House of Representatives Committee on Energy and Commerce and refers to Mr. Howell's testimony for its contents.

169. Defendant denies the allegations in Paragraph 169, except refers to publicly available data regarding historical trading prices for Microvast's common stock.

**B.** **Microvast Suspends Construction of the Clarksville Facility and Reveals It Is $150 Million and 6-8 Months Behind**

170. Based on Defendant's specific dates of employment and job functions, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 170 and therefore denies them.

171. Based on Defendant's specific dates of employment and job functions, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 171 and therefore denies them.

172. Based on Defendant's specific dates of employment and job functions, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 172 and therefore denies them.

173. Based on Defendant's specific dates of employment and job functions, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 173 and therefore denies them.

174. Based on Defendant's specific dates of employment and job functions, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 174 and therefore denies them..

175. Defendant admits that Microvast held earnings calls for Q3 and Q4 2024 and refers to the referenced statements for their contents. Defendant denies the remaining allegations in Paragraph 175.

176. Defendant denies the allegations in Paragraph 176, except refers to publicly available data regarding historical trading prices for Microvast's common stock.

**IX.    ADDITIONAL FACTS FURTHER PROBATIVE OF SCIENTER**

**A.** **Defendants Made Their Statements About the Department of Energy Invitation to Negotiate With Scienter**

1.      *The nature of the statements and Defendants' knowledge that investors were closely monitoring the invitation to negotiate supports scienter*

177.    Based on Defendant's specific dates of employment and job functions, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 177 and therefore denies them.

178.    Based on Defendant's specific dates of employment and job functions, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 178 and therefore denies them.

179.    Based on Defendant's specific dates of employment and job functions, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 179 and therefore denies them.

180.    Based on Defendant's specific dates of employment and job functions, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 180 and therefore denies them.

181.    Based on Defendant's specific dates of employment and job functions, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 181 and therefore denies them, except refers to publicly available data regarding historical trading prices for Microvast's common stock and the referenced presentation for its contents.

182.    Based on Defendant's specific dates of employment and job functions, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 182 and therefore denies them.

2.      *The same executives who led Microvast's efforts to obtain the grant also approved and/or furnished information to be used in false statements about the grant*

183.    Defendant admits that Defendant Webster spoke during Microvast's Q3 2022 earnings call and refers to the referenced statement for its contents. Based on Defendant's specific dates of

employment and job functions, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 183 and therefore denies them.

184.    Based on Defendant's specific dates of employment and job functions, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 184 and therefore denies them, except refers to the referenced press release for its contents.

185.    Based on Defendant's specific dates of employment and job functions, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 185 and therefore denies them.

### 3.    *Microvast's misstatements to the Department of Energy were deliberate*

186.    Based on Defendant's specific dates of employment and job functions, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 186 and therefore denies them.

187.    Based on Defendant's specific dates of employment and job functions, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 187 and therefore denies them.

188.    Based on Defendant's specific dates of employment and job functions, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 188 and therefore denies them, except refers to the referenced presentations and filings for their contents.

189.    Based on Defendant's specific dates of employment and job functions, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 189 and therefore denies them, except refers to the referenced statements for their contents.

### 4.    *The Barrasso and Lucas letters drew Microvast's attention to the misstatements in the Application*

190.　　Based on Defendant's specific dates of employment and job functions, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 190 and therefore denies them.

191.　　Based on Defendant's specific dates of employment and job functions, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 191 and therefore denies them.

192.　　Based on Defendant's specific dates of employment and job functions, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 192, except refers to the referenced statements for their contents.

**B.**　　**Defendants Knew or Were Reckless In Not Knowing that their Statements About the Clarksville Facility**

　　1.　　*Wu's March 2023 statement that he had just seen all the equipment for the Clarksville Facility contradicted his own recent experience*

193.　　Defendant admits that Defendant Wu spoke during Microvast's Q4 2022 earnings call held on March 16, 2023 and refers to the referenced statement for its contents.

194.　　Defendant denies the allegations in Paragraph 194, except refers to the referenced statement for its contents.

195.　　The allegations in Paragraph 195 contain a legal conclusion to which no response is required. To the extent a response is required, Defendant denies those allegations.

　　2.　　*Wu and Smith personally witnessed development of the Clarksville Facility on a regular basis*

196.　　Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 196 and therefore denies them. Defendant denies the remaining allegations in Paragraph 196, except refers to the referenced statement for its contents.

29

197. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 197 regarding FE 3's statements to Plaintiffs' counsel and therefore denies them. Defendant denies the remaining allegations in Paragraph 197.

198. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 198 regarding FE 1's statements to Plaintiffs' counsel and therefore denies them.

199. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of Paragraph 199 regarding FE 1's statements to Plaintiffs' counsel and therefore denies them. Defendant denies the remaining allegations in Paragraph 199, except refers to the referenced statement for its contents.

200. Defendant denies the allegations in the first two sentences of Paragraph 200, except refers to the referenced statement for its contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 200 and therefore denies them.

201. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 201 regarding FE 3's statements to Plaintiffs' counsel and therefore denies them. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the vague allegations in the second sentence of Paragraph 201.

202. Defendant denies the allegations in Paragraph 202, except refers to the referenced statement for its contents.

   3. *A direct subordinate of Smith knew as of Microvast's Investor Day that Lyric could not possibly meet the deadlines Lyric touted on that day*

203.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 203 regarding FE 3's statements to Plaintiffs' counsel and therefore denies them.

204.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first five sentences of Paragraph 204 regarding FE 3's statements to Plaintiffs' counsel and therefore denies them. Based on Defendant's specific dates of employment and job functions with Microvast, Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 204 and therefore denies them.

205.    Based on Defendant's specific dates of employment and job functions with Microvast, Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 205 and therefore denies them. .

4.    *Webster's false exculpatory statements support scienter*

206.    Defendant denies the allegations in Paragraph 206, except refers to the referenced statements for their contents.

207.    Defendant admits the allegations in the first sentence of footnote 12.  Defendant otherwise denies the allegations in Paragraph 207 and footnote 12, except refers to the referenced statements for their contents.

208.    Defendant denies the allegations in Paragraph 208, except refers to the referenced statements for their contents.

209.    The allegations in Paragraph 209 contain a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies those allegations.

5.    *Defendants' statements concerning the Clarksville Facility were specific*

210.    Defendant denies the allegations in Paragraph 210, except refers to the referenced statements for their contents.

31

211. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 211 regarding the "impression" that Smith's alleged comments gave to "reasonable investors" and therefore denies them. Defendant denies the remaining allegations in Paragraph 204, except refers to the referenced statements for their contents.

6. *Wu's December 2023 false statements made from within the Clarksville Facility that it was nearly complete supports an inference that they made the earlier statements about the Clarksville Facility with scienter*

212. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 212 and therefore denies them.

213. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 213 and therefore denies them.

214. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 212 and therefore denies them.

215. The allegations in Paragraph 215 contain a legal conclusion to which no response is required. To the extent a response is required, Defendant denies those allegations.

7. *The difference between the facts Microvast claimed during the Class Period—that it was putting the finishing touches on Clarksville—and the true facts—that the delays and costs of the Clarksville Facility were causing substantial doubt about Microvast's ability to continue as a going concern—supports an inference of scienter*

216. Based on Defendant's separation from Microvast on or before February 5, 2024, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 216 and therefore denies them, except refers to the Form 10-K Microvast filed on April 1, 2024 for its contents.

217. Based on Defendant's separation from Microvast on or before February 5, 2024, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph

217 and therefore denies them, except refers to the Form 10-Q Microvast filed on May 9, 2024 for its contents. To the extent the allegations call for further response, Defendant denies those allegations.

218. Defendant was employed as vice president of Energy Solutions from January 2022 until August 2023; Microvast Energy President from February 24, 2023 until August 4, 2023; Microvast Holdings President and Officer from August 5, 2023 until January 3, 2024. Defendant resigned for Good Reason from Microvast on January 3, 2023, and his last day of employment was February 5, 2024. Based on Defendant's specific dates of employment and job functions, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 218, except refer to the referenced Form 10-Q for its contents.

## X.  PLAINTIFFS' CLASS ACTION ALLEGATIONS

219. Defendant admits that Plaintiffs purport to bring this action as a putative class action on behalf of the class described. Defendant denies that Plaintiffs or the putative class members they purport to represent are entitled to relief and deny that class treatment of Plaintiffs' claims is appropriate. Defendant denies the remaining allegations in Paragraph 219.

220. Defendant admits that Microvast was traded on the NASDAQ during the Class Period. Defendant denies the remaining allegations in Paragraph 220.

221. The allegations in Paragraph 221 contain a legal conclusion to which no response is required. To the extent a response is required, Defendant denies those allegations.

222. The allegations in Paragraph 222 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations.

223. The allegations in Paragraph 223 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 223.

224. The allegations in Paragraph 224 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations.

## XI.   PRESUMPTION OF RELIANCE

225.   Defendant states that the allegations in Paragraph 225 preceding the bulleted subparagraphs, and the allegation that Microvast was eligible to file a Registration Statement on Form S-3 throughout the Class Period, contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies those allegations.  With respect to the remainder of the allegations in Paragraph 225, Defendant admits that, during the class period, Microvast's common stock was listed and traded on the NASDAQ, it filed periodic reports with the SEC and the NASDAQ, it issued public statements, and it was followed by securities analysts who published publicly available reports on the company.  Defendant lacks knowledge or information sufficient to form a belief as to whether market makers made a market in Microvast's stock or what percentage of its outstanding shares were traded weekly and therefore denies those allegations.  Defendant denies the remaining allegations in Paragraph 225.

226.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 226 and therefore denies them.  The allegations in the second sentence of Paragraph 226 contain a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies those allegations.

227.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of Paragraph 227 and therefore denies them.  The allegations in the third sentence of Paragraph 227 contain a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies those allegations.

## XII.   THE STATUTORY SAFE HARBOR AND BESPEAKS CAUTION DOCTRINE ARE INAPPLICABLE

228.   The allegations in Paragraph 228 contain a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies those allegations.

229.　The allegations in Paragraph 229 contain a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies those allegations.

230.　The allegations in Paragraph 230 contain a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies those allegations.  Defendants deny the allegations in Paragraph 230.

231.　The allegations in Paragraph 231 contain a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies those allegations.

232.　The allegations in Paragraph 232 contain a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies those allegations.

## XIII.　COUNT I
### Violation of Section 10(b) of The Exchange Act and Rule 10b-5
### Against All Defendants

233.　Defendants restate and incorporate their responses to the allegations in the preceding paragraphs as though fully set forth herein.

234.　Defendants admit that Plaintiffs purport to assert claims pursuant to Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.10b-5.  Defendants deny the remaining allegations in Paragraph 234.

235.　The allegations in Paragraph 235 contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies those allegations.

236.　The allegations in Paragraph 236 contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies those allegations.

237.　The allegations in Paragraph 237 contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies those allegations.

238.　The allegations in Paragraph 238 contain a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies those allegations.

239.    The allegations in Paragraph 239 contain a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies those allegations.

240.    The allegations in Paragraph 240 contain a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies those allegations.

241.    The allegations in Paragraph 241 contain a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies those allegations.

242.    The allegations in Paragraph 242 contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies those allegations.

## XIV.   COUNT II
### Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

243.    Defendants restate and incorporate their responses to the allegations in the preceding paragraphs as though fully set forth herein.

244.    The allegations in Paragraph 244 contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies those allegations.

245.    Defendant admits only that the Individual Defendants participated in the operation and management of Microvast and its operating units and in the conduct of Microvast's business affairs.  The remaining allegations in Paragraph 245 contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the remaining allegations in Paragraph 245.

246.    The allegations in Paragraph 246 contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 246.

247.    The allegations in Paragraph 247 contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies those allegations.

248.     The allegations in Paragraph 248 contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies those allegations.

## PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to any of the relief requested in the Prayer for Relief and deny the remaining allegations in these and any other portions of the Complaint to the extent not expressly admitted herein.

## JURY TRIAL DEMANDED

Defendants join Plaintiffs' demand for a trial by jury.

## DEFENSES

Without assuming the burden of proof or persuasion where it otherwise rests with Plaintiffs, Defendants plead the following defenses:

## FIRST DEFENSE

Without admitting that Plaintiffs suffered damages, or that Defendant is liable for any such damages, Defendant asserts that any liability is limited by 15 U.S.C. § 78u-4(e) & (f) and under principles of equitable allocation, recoupment, set-off, proportionate liability, comparative fault, and failure to mitigate.

## SECOND DEFENSE

Plaintiffs' claim under Section 20(a) of the Exchange Act fails because Defendant acted with good faith and did not directly or indirectly induce any act or acts constituting a direct or primary violation of the Securities Exchange Act of 1934 or the rules or regulations thereunder.

## THIRD DEFENSE

Every act or omission alleged in the Complaint was done or omitted in good faith conformity with the rules and regulations of the Securities and Exchange Commission, and therefore, pursuant to

Section 23(a) of the Securities Exchange Act of 1934, there is no liability for any act or omission so alleged.

## FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs assumed risks about which they complain in this action.

## FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent applicable, by waiver, release, and discharge.

## SIXTH DEFENSE

Plaintiffs' claims are barred to the extent they are untimely under the applicable statute of limitations and/or doctrine of laches.

## SEVENTH DEFENSE

Defendant is not liable for alleged misstatements and omissions protected by the safe harbor provision of Section 10(b) of the Exchange Act and the rules promulgated thereunder and/or the "bespeaks caution" doctrine.

## RESERVATION OF RIGHTS TO ASSERT ADDITIONAL DEFENSES

Defendant reserves the right to raise any additional defenses, crossclaims, and third-party claims not asserted herein of which they may become aware through discovery or other investigation, as may be appropriate at a later time.

WHEREFORE, Defendant, having fully answered Plaintiffs' Complaint, pray:

(a) that the Complaint be dismissed with prejudice;

(b) that judgment be entered in Defendant's favor;

(c) that all costs of this action be taxed against Plaintiff; and

(d) for such other an further relief as the Court deems proper.

38

Dated: January 13, 2026

Respectfully submitted,


FLETCHER HELD, PLLC

By: */s/ Kenneth P. Held*
Kenneth P. Held
   Tex. Bar No. 24030333
   S.D. Tex. Bar No. 29197
Lauren H. Harris
   Texas Bar No. 24046052
   S.D. Tex. Bar No. 569704
808 Travis Street, Suite 1553
Houston, Texas 77002
(713) 255-0414
kheld@fletcherheld.com

*Counsel for Defendant Zack Ward*

39

## CERTIFICATE OF SERVICE

I hereby certify that on this day, January 13, 2026, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/ *Kenneth P. Held*
Kenneth P. Held